### ERROR IN DIRECTING A VERDICT FOR THE DEFENDANT.

Court of Appeals for Richland County.

BURTON, PRESTON & CO. v. NATIONAL GRANITE CO.*

Decided, February 2, 1916.

*Right of a Litigant to Have His Case Determined by a Jury—No Authority in Trial Judge to Direct a Verdict Where Material Facts Are in Dispute—Application of the Rule to an Action on an Executory Contract.*

Where facts necessary to a determination of the issue involved are in dispute, it is error to direct a verdict and such a situation is presented where there is conflict in the evidence as to material facts and some of the questions of fact are of such a character that different minds might arrive at different conclusions.

---

*Motion to require Court of Appeals to certify its record in this case overruled by the Supreme Court, May 23, 1916.

*J. W. Galbraith,* for plaintiff in error.
*McBride & Wolfe,* contra.

Houck, J.

The parties to this proceeding in error stand as they stood in the court below. The plaintiff brought suit to recover the sum of $845, being the full amount it had paid to defendant on an executory contract for the purchase and delivery of four monuments which plaintiff claimed were not made according to the terms of said contract, and, further, that it had never accepted said monuments. The defendant filed an answer, being, in substance, a general denial. The case was tried to a jury, and after the plaintiff had offered its evidence the defendant filed a motion for a directed verdict, which was sustained by the court. A motion for a new trial was filed, heard and overruled. The plaintiff in error prosecutes error to this court seeking a reversal of the judgment below, and in its petition in error alleges several grounds of error, but in oral argument its counsel seems to rely upon one ground only, namely, that there were questions of disputed fact that should have been submitted to the jury for its determination.

We have examined the record in this case with much care, and we find the following questions of disputed fact:

1. Was the contract in question made and executed in Vermont or Ohio?

2. Were the monuments in question accepted by the plaintiff?

3. Were the monuments in question of the size, color and kind purchased by the plaintiff?

4. Did the agent of plaintiff in Vermont accept the monuments?

5. Did the plaintiff accept said monuments, or any part of same?

If these were questions of fact and were necessary for the proper determination of the issues involved in the present case, and they were disputed, then they should have been submitted to the jury for its determination. A motion for a directed ver-

dict involves not only an admission of the truth of the evidence, but it further admits the existence of all the facts which the evidence tends to establish. If the testimony be conflicting, the facts uncertain, or the proper inferences to be drawn therefrom doubtful, then and in that event the court would not be warranted in directing the jury to return a particular verdict.

It is the right of litigants in jury trials to have the weight and sufficiency of the evidence submitted to and passed upon by the jury, this being a right of which they can not be deprived by the trial judge, unless it is done with the consent and approval of the parties in interest. It therefore follows, if there is evidence tending to prove each material fact put in issue and indispensable to a recovery, that it should be submitted to the jury, under proper instructions from the court. Where there is no conflict in the evidence as to the material facts of the case, or where the material facts are conceded, and where the law admits of no inference from the evidence except that which is favorable to the defendant, a motion for a directed verdict made by the defendant might be properly sustained.

From an examination of the record in this case we find that there was a conflict in the evidence as to the material facts; that the material facts were not conceded; and we do not think it will be seriously claimed that no other inference could be drawn from the evidence except that which is favorable to the defendant. We further find from the record that some of the questions of fact were of such character that the testimony offered with reference to same was not only conflicting, but of that kind and character that different minds might have arrived at different conclusions. This being so, it was a question for the jury to determine. We cite in support of this doctrine the case of *Hickman* v. *Ohio State Life Insurance Co.*, 92 O. S., p. 87, where the court say:

"In order that an issue should be required to be submitted to the jury it is not essential that there be such a conflict in the testimony of different witnesses as makes it necessary for the jury to determine disputes or questions of veracity. That is not the only province of the jury. They have another important

function and duty. Where there is no dispute or conflict in the testimony of different witnesses, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate facts shown by such evidence, then it is the duty of the jury to determine such ultimate facts even though the trial judge should himself be convinced as to what the conclusion should be.''

The defendant contends that the doctrine laid down in the case of *Bowman Lumber Co.* v. *Anderson et al,* 70 O. S., 16, is decisive of the case at bar, the syllabus of the case being as follows:

''By an executory contract for the sale and delivery of chattels of a described grade or quality, the seller becomes bound to deliver goods of the character described, but in the absence of express terms of warranty no obligation is imposed upon him which survives the acceptance by the purchaser of an article delivered by the seller in good faith as in the performance of the contract, if the acceptance is with full knowledge of all the conditions affecting the character and quality of the article.''

We agree with counsel for the defendant that this is a correct principle of law and is applicable to the particular case to which it is applied, but it is not applicable to the facts in the case at bar. In the present case the plaintiff denies that he accepted the monuments in question, and that being a question of fact which is disputed, and being one for the jury to pass upon, we do not see how the claim of defendant can have any force with reference to it being applicable to the present case. If the plaintiff had accepted the monuments, then it would have been bound to pay for same unless it alleged and proved fraud, but as it claims it never accepted them, and that being a disputed question of fact, the rule of law urged by defendant is not applicable to the facts disclosed in the present case.

We feel that we are supported in our theory of this case by a long line of authorities, not only in our own, but other states. Judge Ranney, speaking for the court in the case of *Ellis & Morton* v. *Ohio Life Insurance & Trust Co.,* 4 O. S., pp. 645 and 648, says:

"The law of every case, in whatever form presented, belongs to the court; and it is not only the right of the judge, but his solemn duty, to decide and apply it. He must determine the legal requisites to the right of action, and the admissibility of the evidence offered to sustain it. When all of the evidence offered by the plaintiff has been given, and a motion for a non-suit is interposed, a question of law is presented, whether the evidence before the jury tends to prove all the facts involved in the right of action and put in issue by the pleadings. In deciding this question, no finding of facts by the court is required, and no weighing of the evidence is permitted. All that the evidence in any degree tends to prove must be received as fully proved; every fact that the evidence, and all reasonable inferences from it, conduces to establish, must be taken as fully established.

"Our conclusions upon this subject can not be better stated than in the clear and explicit language of one of the learned judges in the court below: 'Wherever there is any evidence, however slight, tending to prove the facts essential to make out a case for the plaintiff, a non-suit can not be properly ordered; it is in no case a question as to the weight, but as to the relevancy of the testimony. If the testimony tends to prove a *prima facie* case for the plaintiff, a non-suit can not be properly ordered. Nor can facts tending to prove a defense on the part of the defendant, though proceeding from the witnesses introduced by the plaintiff, be considered on a motion to non-suit. If the defendant wishes to set up any such facts, he must resort to the jury to have them established.' "

As to the right of trial by jury Judge Wanamaker, speaking for the court, says in the case of *Gibbs* v. *Village of Girard*, 88 O. S., 47:

"So long as the trial by jury is a part of our system of jurisprudence, its constitutional integrity and importance should be jealously safeguarded. The right of trial by jury should be as inviolate in the working of our courts as it is in the wording of our Constitutions."

The question presented for our consideration in this case is: Was the trial court justified in directing the jury to find a verdict for the defendant, in the light of the facts and the law applicable thereto? In view of what we have already said, and in the face

of the facts presented by the record, and applying to the same what we feel are the well established principles of law governing these facts, a majority of this court is of the opinion that the trial judge was not warranted in sustaining the motion for a directed verdict in the case at bar, and that by so doing the court erred, to the prejudice of the plaintiff in error; and so finding, the judgment below should be reversed, which is accordingly done, and the cause remanded to the common pleas court for a new trial.

SHIELDS, J., concurs; POWELL, J., dissents.