**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1462
_____

UNITED STATES OF AMERICA

v.

JESSE BREWER,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Criminal No. 1-13-cr-00013-003)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 6, 2017
_____

Before:  CHAGARES, JORDAN, HARDIMAN, <u>Circuit Judges</u>.

(Opinion Filed:  September 18, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

CHAGARES, Circuit Judge.

Jesse Brewer ("Brewer") appeals his judgment of conviction for Hobbs Act robbery and use of a firearm during a crime of violence following a jury trial. Brewer argues that the District Court erred in denying his motions to suppress evidence. He also challenges his sentence as substantively unreasonable. We will affirm.

I.

On May 15, 2013, a grand jury returned a two-count superseding indictment against Brewer and two co-defendants, Jamell Smallwood and Timothy Forbes. The superseding indictment charged that on July 12, 2012, Brewer, Smallwood, and Forbes committed armed robbery at White Jewelers in York, Pennsylvania in violation of 18 U.S.C. § 1951 (Count 1, Hobbs Act robbery) and 18 U.S.C. § 924(c)(1)(A) (Count 2, use of a firearm during a crime of violence).

The following events, which were captured by video surveillance, occurred during the robbery. The first male to enter the store, later identified as Smallwood, approached the store's owner while brandishing a gun. A second robber, later identified as Brewer, approached the store owner and shot him three times. Brewer then accidently shot Smallwood, striking him in the abdomen. A third robber, later identified as Forbes, then entered the store with a hammer and a duffel bag. The three robbers proceeded to steal 53 Rolex watches valued at approximately $575,000. The robbers fled the scene in a getaway car, and the York Area Regional Police began an investigation.

Smallwood was admitted to Bronx Lebanon Hospital in New York a few hours after the robbery. New York Police Department ("NYPD") officers responded to Bronx

2

Lebanon Hospital to interview Smallwood. The NYPD officers contacted the York Area Regional Police to inquire about Smallwood and were advised of the White Jewelers robbery and that one of the robbers had been accidentally shot. Allentown Police officers then filed a criminal complaint against Smallwood and procured a warrant for his arrest. NYPD officers arrested Smallwood. At the time of his arrest, Smallwood had a cell phone in his possession. He admitted to the officers that it was his phone and that his phone number was (470) 334-5777 (hereinafter "cell phone 5777"). Appendix ("App.") 77–78. NYPD officers seized the phone and subsequently turned it over to investigating officers with the York Area Regional Police.

Investigating officers interviewed Forbes' girlfriend on July 13, 2012. She viewed security camera footage of the White Jewelers robbery and identified Forbes as one of the robbers. She also identified Forbes's cell phone number as (484) 707-1632 (hereinafter "cell phone 1632"). App. 76.

On July 20, 2012, investigating officers applied for and were granted search warrants for cell phone 5777, allegedly used by Smallwood, and cell phone 1632, allegedly used by Forbes. Investigators learned that cell phone 5777 was registered to Brewer. Additionally, a common call analysis of cell phones 5777 and 1632 revealed that both had multiple contacts with a third phone number, (347) 965-4252 (hereinafter "cell phone 4252"), around the time of the White Jewelers robbery. App. 92–93. This information was used to acquire a search warrant for cell phone 4252, which was also registered to Brewer.

3

Brewer filed two motions to suppress evidence, one relating to cell phone 5777 and one relating to cell phone 4252.  The District Court denied Brewer's motions to suppress on May 12, 2015.  On September 16, 2015, at the conclusion of a three-day trial, the jury convicted Brewer on both counts.  The District Court later sentenced Brewer to 240 months on Hobbs Act robbery, followed by life imprisonment on the § 924(c) charge, to run consecutively.  App. 4, 126.  Brewer timely filed this appeal.

## II.[1]

On appeal, Brewer argues that the District Court erred in denying the motion to suppress the records associated with cell phone 5777, the phone seized from Smallwood at Bronx Lebanon Hospital.  He next argues that the records relating to cell phone 4252 must be suppressed as the unlawful fruit of an illegal search.  He last argues that his sentence was substantively unreasonable.  We have considered Brewer's arguments and for the reasons set forth below, we will affirm.[2]

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 because Brewer was charged with federal crimes. We have jurisdiction over this matter under 28 U.S.C. § 1291.

[2] We note that Brewer attempted to file a pro se "Motion File 28(J)" in which he sought to raise an additional issue relating to his designation as a career offender under the United States Sentencing Guidelines.  The Clerk's Office correctly advised Brewer by letter dated September 7, 2016 that this Court does not permit "hybrid" or dual representation, as he has an attorney of record.  See 3d Cir. L.A.R. 31.3 (prohibiting the filing of a pro se brief when the appellant is represented by counsel and counsel has not filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967)); United States v. Turner, 677 F.3d 570, 579 (3d Cir. 2012) (noting that counsel "need not, and should not, raise every . . . claim but rather may select among them in order to maximize the likelihood of success on appeal." (alteration in Turner) (quoting Showers v. Beard, 635 F.3d 625, 634 (3d Cir. 2011))).  Because Brewer was represented by counsel, we typically would not need to address his pro se arguments.

## A.[3]

Brewer argues that the search relating to cell phone 5777 was invalid because the underlying affidavit lacked probable cause. The District Court concluded that Brewer did not have standing to challenge this search and, regardless, the search was proper. We agree.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. A search does not occur for Fourth Amendment purposes unless the individual challenging the search "manifested a subjective expectation of privacy" in the object searched, and society recognizes that expectation as reasonable. Kyllo v. United States, 533 U.S. 27, 33 (2001) (quoting California v. Ciraolo, 476 U.S. 207, 211 (1986)). Fourth Amendment rights are "personal in nature," and a defendant has standing to challenge the admission of evidence only if his own legitimate expectation of privacy

---

The circumstances of this case are somewhat unique, however. Counsel initially filed a motion to withdraw, indicating that Brewer's pro se filing was frivolous. Upon further reflection, however, counsel subsequently amended his motion to withdraw, urging remand so that the District Court could consider Brewer's arguments in the first instance. We decline to do so. Because Brewer did not raise the sentencing issue before the District Court or in his opening brief to our Court, his arguments are entitled to, at most, to plain error review. See United States v. Moreno, 809 F.3d 766, 773 (3d Cir. 2016) (observing that plain error review applies to unpreserved challenges to the application of sentencing enhancements). Applying that standard of review and having thoroughly considered the relevant issues, we conclude that Brewer's pro se arguments, as well as those subsequently raised by counsel in his amendment to the motion to withdraw, lack merit.

[3] "We review the denial of a motion to suppress for clear error as to the underlying factual determinations and exercise plenary review over the application of the law to those facts." United States v. Williams, 417 F.3d 373, 376 (3d Cir. 2005).

has been violated. Rakas v. Illinois, 439 U.S. 128, 140 (1978). Because "property rights are neither the beginning nor the end of [the Fourth Amendment] inquiry," United States v. Salvucci, 448 U.S. 83, 91 (1980), a defendant who seeks to establish a subjective expectation of privacy in an object must show that he "took normal precautions to maintain his privacy." United States v. Burnett, 773 F.3d 122, 131 (3d Cir. 2014) (quoting Rawlings v. Kentucky, 448 U.S. 98, 105 (1980)).

Brewer maintains that he had a reasonable expectation of privacy in the 5777 cell phone because he was the listed subscriber of the phone. The District Court correctly concluded that whatever interest Brewer may have had in the phone did not amount to an actual, subjective expectation of privacy therein. The phone was seized directly from Smallwood, who claimed ownership and control of the phone. Additionally, Brewer did not establish that he maintained the ability to exclude others from the phone or took precautions to ensure the privacy of the phone. We agree with the District Court that Brewer lacked standing to challenge the warrant relating to cell phone 5777.

Even if Brewer had standing to challenge the search of cell phone 5777, suppression was appropriate because the search warrant was valid. A magistrate may find probable cause to search "when, viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). Once the magistrate has made this initial determination, the task of a reviewing court is a "modest" one. United States v. Conley, 4 F.3d 1200, 1205 n.2 (3d Cir. 1993). A reviewing court owes the magistrate's probable-

6

cause determination "great deference," and it must leave that determination undisturbed "so long as the magistrate had a substantial basis for" finding probable cause. See Gates, 462 U.S. at 236 (citations and internal quotation marks omitted).

The District Court did not err in concluding that there was a substantial basis for the Magistrate Judge's probable cause determination. The affidavit provided ample facts evidencing Smallwood's participation in the robbery. For instance, it stated that: (1) a robber matching Smallwood's description was shot during the White Jewelers robbery; (2) Smallwood was shortly thereafter admitted to Bronx Lebanon Hospital as a shooting victim; and (3) Smallwood was previously associated with the same car seen fleeing from the scene of the robbery. App. 72–73. The affidavit further stated that Smallwood claimed ownership of cell phone 5777 during his interview at the hospital and confirmed that it was in his possession. Given these facts, it was reasonable for the Magistrate Judge to conclude that evidence relating to Smallwood's criminal activity would be found in cell phone 5777. The District Court did not err in denying Brewer's motion to suppress the evidence relating to cell phone 5777.

B.

We turn next to Brewer's argument that the District Court should have suppressed the records relating to cell phone 4252, which was also registered to Brewer. Brewer argues that the evidence obtained from cell phone 4252 must be suppressed as fruit of the poisonous tree because the affidavit submitted in support of the warrant for cell phone 5777 was lacking. The fruit of the poisonous tree doctrine requires the suppression of "evidence gathered as a result of an unlawful search." United States v. Coggins, 986

7

F.2d 651, 653 (3d Cir. 1993) (citing Wong Sun v. United States, 371 U.S. 471 (1963)). As noted above, however, the warrant relating to cell phone 5777 was valid. Because the District Court properly concluded that the search of the 5777 cell phone was valid, it did not err in denying Brewer's motion to suppress information from cell phone 4252 as the unlawful fruit of an illegal search.

C.

We last address Brewer's argument that his sentence of 240 months on Hobbs Act robbery and life imprisonment on the § 924(c) charge, to run consecutively, was substantively unreasonable. Our review of a criminal sentence proceeds in two steps. First, we examine whether the district court committed a significant procedural error. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We then consider whether the sentence imposed is substantively reasonable, that is, whether "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." Id. at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). The party challenging the sentence bears the burden in establishing unreasonableness. United States v. King, 454 F.3d 187, 194 (3d Cir. 2006). Because Brewer does not identify any procedural error, we will address only the substantive reasonableness of his sentence and review for abuse of discretion. Tomko, 562 F.3d at 564.

Brewer asserts that his sentence is substantively unreasonable because it was disproportionately higher than those of his co-defendants.[4] A district court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Section 3553(a) does not require district courts to consider sentencing disparities among co-defendants but permits them to do so. United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006). For the comparison to be relevant, the co-defendants must be "similarly situated." Id. at 278. The comparison is not relevant, however, if one co-defendant has "a far less extensive criminal record" or "assisted in convicting his co-defendants." Id.

We do not deem the co-defendants similarly situated to Brewer. Forbes, unlike Brewer, cooperated with the Government and testified against Brewer at trial. Additionally, although Smallwood did not cooperate, he did plead guilty. These facts suggest that any comparison with the co-defendants is likely irrelevant. See id.

In any event, Brewer's conduct during the robbery is also distinguishable from that of his co-defendants. Unlike his co-defendants, only Brewer shot the shop owner during the robbery, requiring the victim to undergo five major surgeries, leaving him permanently disabled, and resulting in the loss of his livelihood. App. 125. These facts, among others, led the District Court judge to conclude that "you can't find any victim . . . who's had more difficulty," and he "[could not] imagine a case that's any more serious than this." App. 125–26. Brewer also had an extensive criminal history,

---

[4] Smallwood was sentenced to 204 months of imprisonment. Forbes was sentenced to 168 months of imprisonment.

including multiple convictions involving weapons.[5]  App. 122–23.  This prompted the District Court to conclude that "Brewer is going to continue to be a threat to the community and has learned nothing and has been undeterred by these prior experiences, which are serious."  App. 124–25.  Because the District Court meaningfully considered the sentencing factors in § 3553(a), we conclude that the sentence imposed was reasonable.

III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[5] Brewer had convictions for, <u>inter</u> <u>alia</u>, grand larceny, aggravated assault, and attempted robbery during which he held the victim at gunpoint.  App. 122–23; Presentence Investigation Report ¶¶ 38–42.